# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

_____

| | |
|---|---|
| EVELIN DORA SASVARI, individually | ) |
| | ) |
| | ) |
| Plaintiff, | |
| V. | ) |
| JOSEPH B. EDLOW, in his official capacity as | ) |
| Director of United States Citizenship and Immigration Services, | ) |
| 5900 Capital Gateway Drive, | ) |
| Camp Springs, MD 20746 | ) |
| Prince George's County; | ) |
| KRISTI NOEM | ) |
| Secretary of Homeland Security | ) |
| Washington, DC 20528 | ) |

JOHN DOE, Director of the Vermont Service Center,   )

in their official capacity;                                                            )

**VERIFIED COMPLAINT FOR**

**MANDAMUS AND**

**DECLARATORY JUDGMENT**

The Plaintiff, Evelin Dora Sasvari, by counsel, complains of the Defendants, UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; THE HONORABLE KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and JOHN DOE, Director, U.S. Citizenship and Immigration Services, Vermont Service Center, as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff''s Application to Adjust Status to Lawful Permanent Resident (Form I-485) and Plaintiff's Petition for Amerasian, Widow(er), or Special Immigrant ( Form I-360) without further delay.

2. The Plaintiff''s applications remain within the jurisdiction of the Defendants since February 3, 2022, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff. Both her I360 and I485 were filed on February 3, 2022, and were pending for over 3 years.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8

3

U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). See Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act „within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to „compel agency action … unreasonably delayed," 5 U.S.C. § 706(1).").

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present

4

action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. See Liu v. Novak, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is … significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.").

6. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. See Liu, 509 F. Supp. 2d at 9 (holding that "the 3 Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating her application" for adjustment of status); see also Villa v. U.S. Dep't of Homeland Sec., 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or

5

not to decide at all."); Aslam v. Mukasey, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. See, e.g., Shahid Khan v. Scharfen, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); Jones v. Gonzales, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

7. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . shall be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis 4 added). The regulations

further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. See Matter of Sealed Case, 151 F.3d 1059, 1063 (D.C. Cir. 1998); see also First Federal Savings and Loan Association of Durham v. Baker, 860 F.2d 135, 138 (4th Cir. 1988).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status and VAWA self-petition is unreasonable.

### III. VENUE

9. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant Ur M. Jaddou is sued in her official capacity as Director of USCIS, a United States federal agency. The Defendant Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency. The Defendant John Doe is sued in his official capacity as Director of the USCIS Vermont Service Center, a United States federal agency. Because national policy concerning

7

adjudication of applications for immigration benefits – including adjustment of status and VAWA – is formulated by the DHS and implemented by USCIS, venue is proper in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of her properly filed application to adjust status and Violence Against Women (VAWA) self-petition, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than 3 years. The Plaintiff has no other adequate remedy available for the harm she seeks to redress – the failure of USCIS to process her application to adjust status in a timely manner.

## V. PARTIES

11. The Plaintiff, Evelin Dora Sasvari, resides at 3648 Kings Rd, Apt 106, Palm Harbor, FL 34685. She was born in Hungary in 1996, and is a citizen of Hungary. Her alien registration number is A 231-397-310.

12. The Defendants, UR M. JADDOU, Director, USCIS; KRISTI NOEM, Secretary, DHS; and JOHN DOE, Director, USCIS Vermont Service Center, are charged by law with the statutory and regulatory obligation to perform

background security checks and determine eligibility for adjustment of status to lawful permanent resident and for VAWA Self-Petitions, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6. USCIS received the Plaintiff"s application for VAWA (I360) on February 3, 2022. USCIS is the agency of DHS responsible for adjudicating adjustment of status and VAWA applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over her place of residence).

## VI. FACTS AND PROCEDURAL HISTORY

13. Plaintiff arrived in the United States as a tourist and fell in love with a United States citizen. She was a victim of abuse at the hands of her US citizen spouse and thereafter filed a VAWA Self-Petition. Plaintiff is a law-abiding member of her community, with no criminal history and stable employment.

14. Plaintiff filed her I360 Vawa Self- Petition on February 3, 2022, more than 3 years ago.  Plaintiff filed her I485 Application to Register Permanent Residence or Adjust States on February 3, 2022, more than 3 years ago.  The application is currently pending at the USCIS Vermont Service Center. USCIS"s published case adjudication guidelines indicated processing of an I360 petition in 2022 within a period that was far surpassed by the wait time that Plaintiff experienced.

15. Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating her application is of great concern to her. Her life has been negatively impacted by the Defendants" failure to adjudicate her application within a reasonable period of time. Her uncertain immigration status has interfered with her ability to gain the professional and personal stability she deserves and for which she has worked so hard. Furthermore, the delay in adjudication has prevented her from the ability to sponsor family members for immigration benefits, and it has also interfered with her travel needs.

16. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff"s application for adjustment of status and VAWA Self-Petition. As more than 3 years have elapsed since the Plaintiff filed her application to adjust status and VAWA self-petition, she requests that this Court instruct USCIS to adjudicate the I-485 and I-360 applications without further delay.

## VII. CAUSE OF ACTION

17. The Plaintiff is entitled to adjust her status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159. She is prepared to present all necessary evidence establishing that she is eligible for the benefits claimed.

18. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status (and also failed to adjudicate her I360) for more than 3 years, thereby depriving the Plaintiff of her right to a decision on her immigration status and the peace of mind to which she is entitled.

19. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on her application to adjust status without further unreasonable delay.

## VIII. CLAIMS

20. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002); Citizens for Ethics and Responsibility in Wash. v. Cheney, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also Liu, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a

duty not to delay unreasonably in making that choice'") (quoting Sierra Club v. Thomas, 828 F.3d 783, 794 (D.C. Cir. 1987)); Aslam, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

21. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents.

22. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status for over 3 years, thereby depriving the Plaintiff of her rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

23. The Defendants owe the Plaintiff a duty to adjudicate her adjustment of status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative

means to obtain adjudication of her I-485 adjustment application and her right to issuance of the writ is "clear and indisputable." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Power, 292 F.3d at 784; Matter of Sealed Case, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); Liberty Fund, Inc., 394 F. Supp. 2d at 114 (same).

24. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., Sierra Club, 828 F.3d at 794 (holding that 11 "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); Northern States Power, 128 F.3d at 760 ("Given DOE's repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); Liu, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 3 years for adjudication of her pending I-485 application, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

25. The Plaintiff is entitled to action on her long-pending adjustment of status application, because an unreasonable amount of time has passed since her application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

26. Defendants" delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney"s fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

### IX. PRAYER

WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff"s I-485 Application to Adjust Status without further delay;
2. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-360 Petition for Amerasian, Widow(er), or Special Immigrant application without further delay;
3. Grant attorney"s fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA"); \

4. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 28th day of July 2025,

**/s/ Evelin Dora Sasvari**

By counsel,

**/s/ Janos Krisztian Pivarnyik**

Florida Bar Number: 1031316

Phone: 7866364439

1110 Brickell Ave, Suite 405, Miami, FL 33131

Counsel for Plaintiff